IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 21, 2009 Session

# JULIA FISHER, ET AL. v. ASHLEY REVELL, ET AL.

**Direct Appeal from the Circuit Court for Obion County**
**No. 07-CV-140     William B. Acree, Judge**

_____

**No. W2008-02546-COA-R3-CV - Filed September 30, 2009**

_____

### SEPARATE CONCURRING OPINION

I concur in the opinion of Judge Stafford and write separately only to emphasize certain language in the policy.

Section 4.a.(1) states: "The limit stated for 'each person' is the amount of coverage and the most we will pay because of or arising out of bodily injury to one person in any one occurrence." This provision sets forth the limit for "each person" who suffers bodily injury in an occurrence. It clearly is not restricted to an occurrence involving only one person, but by its terms it applies to *each* person injured in an occurrence.

Section 4.a.(2) states: "The limit stated for 'each occurrence' is the total amount of coverage and the most we will pay, subject to 4.a.(1) above, for all compensatory damages because of or arising out of bodily injury of two or more persons in any one occurrence." The Fishers claim that the policy is ambiguous based on their contention that Section 4.a.(1) applies to occurrences that involve only one person, while Section 4.a.(2) applies to occurrences involving multiple persons. Judge Kirby describes this interpretation as "neither implausible nor unreasonable." I respectfully disagree and find this construction both strained and unreasonable. Section 4.a.(1) addresses the maximum the insurer will pay based on injuries "to one person in any occurrence," not when just one person is injured. If Sections (1) and (2) address different situations, then the "subject to" phrase in Section (2) does not make sense.

I concur with Judge Stafford's finding that the policy is not ambiguous because it provides that the $300,000 limit for each occurrence is the maximum the insurer will pay "*subject to 4.a.(1) above*" (emphasis added). If this "subject to" phrase were not included, the policy would be ambiguous, but Section 4.a.(1) clearly provides that the insurer will pay only $100,000 for *each* person in *any* occurrence.

_____

ALAN E. HIGHERS P.J., W.S.